UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS R. SCHWIETERMAN, | ) | CASE NO. 3:11CV1203 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KEVIN SMITH, Warden,[1] | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |

Before the Court are two motions regarding the record in this case: (1) respondent's motion to expand the record (Doc. No. 28 ["R.Mot."]), which is unopposed; and (2) petitioner's motion for a court order allowing access to certain materials (Doc. No. 25 ["P.Mot."]), which has been opposed by respondent (Doc. No. 27 ["Opp'n"]).

### I. BACKGROUND

On May 21, 2015, the Sixth Circuit Court of Appeals issued its opinion reversing one aspect of this Court's denial of a petition for habeas corpus. The court stated, in relevant part:

> The state prisoner petitioning for habeas relief in this case was involved in an automobile crash that killed four teenagers. Having no memory of the accident, the petitioner followed his trial counsel's advice to "throw himself on the mercy of the court" by pleading no contest to charges that included four counts of involuntary manslaughter. After receiving a twenty-four-year sentence, he secured new counsel and commissioned a scientific reconstruction of the accident that flatly contradicted factual conclusions that had caused his plea and influenced his

---

[1] Jerry Spatny is now the Acting Warden of Grafton Correctional Institution and, as such, is the proper respondent. (Ex. Mot. at 2029, n.1.)

> sentence. Relying on this reconstruction, he pursued a claim of ineffective assistance of counsel at the guilty plea level, first through state postconviction proceedings and then through a federal habeas petition under 28 U.S.C. § 2254. The state failed to include a crucial piece of the postconviction petition when submitting the state record to the federal district court, leaving the district court unable to conduct a complete evaluation of the habeas petition. Working without this undisclosed reconstruction evidence, the district court misapplied the law governing the Sixth Amendment guarantee of effective assistance of counsel during plea bargaining and incorrectly concluded that the facts contested by the petitioner's expert reconstruction had no bearing on his habeas petition. Because these untested facts may control the outcome under clearly established federal law, we reverse the district court's dismissal of the Sixth Amendment claim and remand for a hearing beginning with the full state-court record, including the reconstruction, to determine whether petitioner's plea counsel was, in fact, ineffective.

(Doc. No. 22 ["Opinion"] at 1992-93.)[2] The court identified the "undisclosed reconstruction evidence" as "two sets of video reconstructions of the collision that [expert Wilbur Meredith] created to illustrate his analysis." (*Id.* at 1995.) The court stated:

> We take no position on the persuasiveness of these videos, which have never been subject to an evidentiary hearing. The state's failure to provide them along with the rest of the state postconviction records deprived the district court of important evidence that it needed to properly analyze Schwieterman's petition. We leave the first full analysis of this evidence to the district court on remand and turn to the legal question still before us.

(*Id.*)

This Court had denied Schwieterman's petition, in part, on the basis of procedural default, "credit[ing] the state appellate court's determination that the claim could and should have been raised on direct appeal[.]" (*Id.* at 1996.) The Sixth Circuit faulted the state court's "anomalous application of" the procedural default rule as an independent, adequate state ground for denying further review. It pointed out that "Ohio law prescribes the parallel paths

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

Schwieterman took: directly appealing the issues supported by the record and bringing a separate collateral petition to address issues that required further factual development." (*Id.* at 1996-97.)

But this Court had also conducted what the Sixth Circuit characterized as a "limited merits analysis[.]" (Opinion at 1999.) This analysis was rejected due to application by this Court of a standard that was too onerous. The Sixth Circuit noted that the appropriate question is "whether reasonable counsel and a reasonable defendant would have accepted the state's facts and entered a no contest plea after reviewing the expert reconstruction." (*Id.*)

Ultimately, the Sixth Circuit ruled as follows:

> Accordingly, the judgment of the district court is reversed as to the ineffective assistance of counsel claim, and the case is remanded to the district court to determine whether the petitioner's plea counsel was ineffective in light of the postconviction expert evidence concerning how the accident occurred, including the video reconstruction evidence mistakenly witheld [sic] from the district court.

(*Id.* at 1999-2000.)

## II. DISCUSSION

A.  **Respondent's Motion to Expand the Record (Doc. No. 28)**

This unopposed motion seeks to add to this Court's record postconviction expert evidence that was presented to the state court along with Schwieterman's May 7, 2009 petition to vacate or set aside the judgment and conviction. (*See* Doc. No. 7-23, Return, Ex. 23.) The evidence includes:

(1) certified color copies of Exhibits M1-M11 attached to the 2009 petition;[3] and

(2) a certified copy of a flash drive containing Wilbur Meredith's DVD simulation.[4]

---

[3] Black and white copies contained in the Return are so dark as to be useless. (*See* Doc. No. 7-23 at 1472-82.)

Respondent cites Rule 7 of the Rules Governing § 2254 Cases as authority for "expanding" the record to include this evidence. However, this would not actually be an expansion of the record; rather, it would be *inclusion* of matters that were in the state court record and were not supplied to this Court. Further, the Sixth Circuit's remand requires inclusion of these materials in the record of this Court.

Accordingly, respondent's motion to "expand" the record (Doc. No. 28) is granted. The color photographs attached to the motion (Doc. No. 28-1) are hereby deemed part of the record. Further, the certified copy of the flash drive manually supplied to the Clerk shall be appropriately marked as filed and shall be placed in the file folder for this case.

**B. Petitioner's Motion for a Court Order to Allow Petitioner's Expert Access to Crash Vehicles and So Called Black Boxes (Doc. No. 25)**

In this motion, petitioner takes the position that the Sixth Circuit has ordered an "evidentiary hearing" in this case and that this Court cannot comply with the remand order without holding such a hearing. He believes that the evidence which now "expands" the record will require testimony and explanation by his expert.[5] Unfortunately, Dr. Meredith, is deceased. Therefore, petitioner has hired another expert, Steve Ashton, who "has painstakingly reconstructed Dr. Meredith's work in this case and is preparing to testify at an evidentiary hearing." (P.Mot. at 2005.) In order to complete his preparation, Mr. Ashton needs access to the accident vehicles and their black boxes.

[4] The Return contains what appears to be a scanned copy of the envelope that may have contained the original evidence. The scan is mostly illegible, although a file-stamp of May 7, 2009 is legible. (*See* Doc. No. 7-23 at 1595.)

[5] Petitioner asserts that additional testimony from the two attorneys who represented him will also be required, and that one of them has been "suspended indefinitely by the Ohio Supreme Court." (P.Mot. at 2005.)

In opposition to the motion, respondent argues that no evidentiary hearing is required and that none was ordered. He is of the view that the Sixth Circuit's remand order requires only a non-oral hearing or an oral argument wherein this Court would consider "the full state court record, including the reconstruction," to determine whether the state court judgment was contrary to or an unreasonable application of clearly established federal law. (Opp'n at 2012, quoting Opinion at 1993.)

The Court concludes that, at this juncture, respondent has the better view. The Sixth Circuit has directed this Court to reexamine "whether the petitioner's plea counsel was ineffective in light of the postconviction expert evidence concerning how the accident occurred, including the video reconstruction evidence mistakenly witheld [sic] from the district court." (Opinion at 1999-2000.) The Sixth Circuit did not order an evidentiary hearing. That said, this Court is not precluded from later deciding, in the context of its reexaminationof the issue, that such a hearing would be advisable under Rule 8 of the Rules Governing § 2254 Cases.

Petitioner's current request, however, goes beyond the scope of both the remand and his habeas petition. This Court's role is to determine, based on the record as it now stands (with or without an evidentiary hearing), whether petitioner is entitled to a writ of habeas corpus due to ineffective assistance of counsel at the guilty plea stage of the state court proceedings. If "the facts contested by the petitioner's expert reconstruction" (Opinion at 1993) warrant granting the writ under clearly established federal law relating to ineffective assistance of counsel, and applying the standard identified by the Sixth Circuit, then it will be for the state court to determine in the first instance how to handle any issues relating to expert testimony.

Accordingly, the Court denies petitioner's motion (Doc. No. 25) without prejudice.

**IT IS SO ORDERED**.

Dated: December 7, 2015

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**